IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TAMMY JOYCE WILLIAMS**                                          **PLAINTIFF**

**v.**                                              **Civil No. 1:24-cv-308-HSO-MTP**

**COMMISSIONER OF SOCIAL
SECURITY, et al.**                                              **DEFENDANTS**

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [14] AND GRANTING DEFENDANT'S MOTION [12] TO REMAND TO SOCIAL SECURITY ADMINISTRATION

This matter comes before the Court on the Report and Recommendation [14] of United States Magistrate Judge Michael T. Parker, entered in this case on July 14, 2025. The Magistrate Judge recommended that the Court grant Defendant Commissioner of Social Security's ("Defendant" or "Commissioner") Opposed Motion [12] to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), and that Plaintiff Tammy Joyce Williams's ("Plaintiff") appeal of a final administrative decision be reversed and remanded to the Social Security Administration. R. & R. [14] at 1. Plaintiff timely filed an Objection [15] to the Report and Recommendation [14] on July 30, 2025.

After due consideration of the Report and Recommendation [14], the Complaint [1], Plaintiff's Objection [15], the record, and relevant legal authority, the Court finds that Plaintiff's Objection [15] should be overruled, that the Magistrate Judge's Report and Recommendation [14] should be adopted as the opinion of this Court, and that Defendant's Opposed Motion [12] to Reverse and

Remand should be granted. This matter will be remanded to the Commissioner of Social Security for further proceedings.

## I. BACKGROUND

On October 8, 2024, Plaintiff Tammy Joyce Williams filed her Complaint [1] pursuant to 42 U.S.C. § 405(g), appealing a final administrative decision by the Commissioner. *See* Compl. [1] at 1. Her appeal arises from the Social Security Administration's denial of her application for disability insurance benefits under Title II of the Social Security Act.

Plaintiff filed her claim for disability insurance benefits on June 10, 2020. *See* Doc. [5]; R. & R. at 1. Her claim was denied initially and upon reconsideration. Doc. [5] at 17. On July 7, 2020, Plaintiff participated in a hearing before an Administrative Law Judge ("ALJ"), *id.* at 29, and on August 2, 2021, the ALJ denied her claim, *id.* The ALJ concluded that Plaintiff suffered from lumbar degenerative disc disease and obesity, *id.* at 19, but that these impairments did not meet or medically equal any listing, and that Plaintiff had the residual functional capacity ("RFC") "to perform the full range of light work as defined in 20 C.F.R. 404.1567(b)," *id.* at 21. Plaintiff sought review of this determination, which the Appeals Council denied. *Id.* at 6. Plaintiff then petitioned this Court for review by filing her first Complaint on May 17, 2022. *See Williams v. Comm'r of Soc. Sec.*, 1:22-cv-121-RPM, 2023 WL 5758876 (S.D. Miss. Sept. 6, 2023).

In that case, United States Magistrate Judge Robert Myers concluded that "the ALJ's RFC [was] not supported by substantial evidence," and that "the ALJ's

2

error was not harmless." *Williams,* 2023 WL 5758876, at *5. The Magistrate Judge also found that the ALJ "selectively cited from the medical record"; "rejected every medical opinion"; and "cherry-picked" findings when assessing Plaintiff's RFC. *Id.* Accordingly, on September 6, 2023, the Court reversed the Commissioner's decision and remanded Plaintiff's appeal for further proceedings.

On October 24, 2024, the Appeals Council "vacat[ed] the final decision of the Commissioner . . . and remand[ed] the case" to the ALJ. Doc. [5] at 1259. On July 23, 2024, Plaintiff attended another hearing before the ALJ, and the ALJ once again denied her claim for benefits. *Id.* at 1159-75. While the ALJ determined that Plaintiff suffered from degenerative disc disease of the lumbar spine, *id.* at 1161, he nonetheless concluded that this impairment did not meet or medically equal any listing, *id.* at 1163. The ALJ reasoned that, despite some limitations, Plaintiff could "perform light work as defined in 20 C.F.R. 404.1567(b)," *id.* at 1164, and therefore "was not under a disability . . . at any time from February 12, 2019, the amended onset date, through December 31, 2021, the date last insured," *id.* at 1175. Plaintiff filed the present action on October 8, 2024, seeking relief from this Court. *See* Compl. [1].

Plaintiff disagrees with the ALJ's RFC determination, arguing that it is "contrary to law and not supported by substantial evidence." Memo. [6] at 11. She asserts that the ALJ failed to determine whether her chronic pain syndrome is a severe impairment separate and distinct from her degenerative disc disease of the lumber spine, *id.*, and that this omission "renders meaningful judicial review

3

impossible, and remand necessary," *id.* at 15.  Plaintiff requests that the Court "enter judgment under sentence four of 42 U.S.C. § 405(g), reversing the Commissioner's final decision with an immediate award of benefits or, in the alternative, remand for a rehearing." *Id.* at 27.

The Commissioner did not respond to the merits of Plaintiff's Brief [6], instead filing a Motion [12] to Remand for further proceedings.  Defendant states that upon remand, a different ALJ will be assigned to Plaintiff's case, who will comply with the remand orders issued by Judge Myers on September 6, 2023, and the Appeals Council on October 24, 2023.  Mot. [12] at 1.  The new ALJ will be instructed to "further evaluate Plaintiff's [RFC]; further evaluate the opinions and prior administrative medical findings; further evaluate Plaintiff's subjective complaints; evaluate chronic pain syndrome at step two; and as appropriate, evaluate third-party statement(s)." *Id.*

In Response [13], Plaintiff acknowledges that "remanding for further proceedings is a good day for her case," Resp. [13] at 6, but she opposes Defendant's Motion [12] because "the most appropriate response is for this Court to reverse the ALJ's decision and order SSA to immediately calculate and pay benefits to her," *id.* at 1.  This is appropriate because, in Plaintiff's view, the ALJ failed to comply with the Court's prior remand order, *id.* at 4; the "uncontested evidence supports reversal and remand," *id.*; and the ALJ "overlooked/avoided" evidence when determining her RFC, *id.* at 5.

On July 14, 2025, Magistrate Judge Michael Parker entered a Report and Recommendation [14], recommending that the Court grant Defendant's Motion [12] to Reverse and Remand, reverse the Commissioner's decision, and remand this action under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.  R. & R. [14] at 7.

The Magistrate Judge concluded that Plaintiff's evidence is still disputed and "does not clearly establish that Plaintiff is entitled to relief."  *Id.* at 6.  He further noted that Defendant "concedes that the ALJ did not consider Plaintiff's chronic pain syndrome diagnosis when determining Plaintiff's RFC," which is "necessary to determine whether Plaintiff is disabled and eligible for benefits."  *Id.*  Plaintiff acknowledges that the ALJ's failure to evaluate this diagnosis "renders meaningful judicial review impossible, *and remand necessary*."  R. & R. [14] at 3 (emphasis added); Memo. [6] at 15.  The Magistrate Judge further observed that Plaintiff agreed "that the ALJ's failure to acknowledge or discuss" her chronic pain syndrome diagnosis is "more in the nature of an error requiring remand."  R. & R. [14] at 6 (quoting Memo. [6] at 26 n.14).

The Magistrate Judge also concluded that "Plaintiff has not demonstrated that undisputed evidence *clearly* establishes her entitlement to relief."  R. & R. [14] at 6 (emphasis in original) (citing *Taylor v. Bowen*, 782 F.2d 1294, 1298-99 (5th Cir. 1986)).  Further, he noted that "[t]he unresolved issues, specifically regarding Plaintiff's chronic pain syndrome diagnosis, preclude an immediate award of benefits."  *Id.* at 6 (citing *Wells v. Barnhart*, 127 F. App'x 717, 718 (5th Cir. 2005)).

5

And any such evidentiary conflicts are "for the Commissioner, and not the Court to resolve." *Id.* (citing *Newton v. Apfel*, F.3d 448, 452 (5th Cir. 2000)). Because of these conflicts, the Magistrate Judge recommended that the Court grant Defendant's Motion [12]. *Id.* at 7.

Plaintiff objects to the Report and Recommendation [14] on two grounds: (1) she asserts that the law of the case doctrine applies, and the Magistrate Judge erred by not addressing this argument in the Report and Recommendation [14], Obj. [15] at 7-8; and (2) she asserts that remand is inappropriate where doing so would merely delay the receipt of benefits, *id.* at 7-8.[1] Resolving the first objection also resolves the second.

## II. DISCUSSION

A. Standard of Review

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Objections "are considered timely when they are raised by the aggrieved party within fourteen days after being served with a copy of the magistrate judge's report." *Esquivel v. Kendrick*, No. 22-50979, 2023 WL 5584168, at *2 (5th Cir. Aug. 29, 2023) (per curiam). Because Plaintiff timely objected to the Magistrate Judge's Report and Recommendation [14], the Court reviews the portions objected to de novo.

---

[1] Plaintiff does not raise in her Objection [15] whether the Commissioner's report is supported by substantial evidence. Therefore, the Court need not address this question.

B.  Analysis

Plaintiff's first objection is that the law of the case doctrine applies. While the "law of the case doctrine applies to cases remanded from federal court to administrative agencies," *Burley v. Colvin*, No. 5:12-cv-067-C, 2013 WL 2151227, at *4 (N.D. Tex. May 17, 2013), an issue only "becomes subject to the law of the case doctrine when the remanding court either explicitly or implicitly decides the issue," *Gallegos v. Kijakazi*, No. CV H-21-2897, 2022 WL 202430, at *5 (S.D. Tex. Jan. 19, 2022), *report and recommendation adopted sub nom. Gallegos v. Saul*, No. 4:21-CV-02897, 2022 WL 464150 (S.D. Tex. Feb. 15, 2022). And "[a] court can modify or reverse the Commissioner's decision without establishing the law of the case on a particular issue." *Brown v. Astrue*, 597 F. Supp. 2d 691, 697 (N.D. Tex. 2009) (citing *Brachtel v. Apfel*, 132 F.3d 417, 420 (8th Cir. 1997)); *see also Hollins v. Massanari*, 49 F. App'x 533, 535 (6th Cir. 2002) (holding law of the case doctrine inapplicable in sentence-four remand where the district *court made no final decision on the merits regarding claimant's physical impairments*) (emphasis added). Thus, "[w]hether . . . the law-of-the case doctrine preclude[s] [the ALJ] from revisiting on remand [the plaintiff's] physical RFC and the severity of her [disability] turns on whether this court actually decided these issues." *Brown*, 597 F. Supp. 2d at 696 (citing *United States v. Becerra*, 155 F.3d 740, 752 (5th Cir. 1998)).

Here, while the Court's previous ruling acknowledged that "[a]ll the medical opinion evidence supports a finding that Williams is not capable of a full range of light work[,]" the Magistrate Judge never ruled—implicitly or explicitly—on the

7

ultimate issue of whether a finding that Plaintiff was incapable of a full range of light work was required based on the evidence. *See Williams*, 2023 WL 5758876, at *3-5. Instead, the Magistrate Judge found that "[t]he ALJ failed to build an 'accurate and logical bridge' between the evidence and his findings" or provide "a sufficient explanation of how he arrived at the RFC he ultimately assigned." *Id.* at *4-5. Simply put, when the Magistrate Judge remanded this case, his Order did not rule on the ultimate question of Plaintiff's disability status. Instead, the Order directed the ALJ to elaborate on his reasons for denial in light of the evidence presented. *See id.* Thus, the relevant binding law in this case is that the ALJ must consider all the evidence and specifically detail any decision in light of that evidence; it does not require this Court to find Plaintiff is unable to perform light work and remand with an award of benefits. *See Koontz v. Comm'r, Soc. Sec. Admin.*, No. 3:08-CV-0399-M (BF), 2009 WL 2448167, at *8 (N.D. Tex. Aug. 10, 2009) ("This Court's finding that the ALJ's decision was not based on substantial evidence does not necessarily mean that the evidence establishes disability without a doubt.").

Recognizing this, *see* R. & R. [14] at 2, the Report and Recommendation points out that "[a] remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits[,]" *id.* at 5 (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001)), or "where the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes

disability without any doubt," *id.* (alteration in original) (quoting *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993)). In other words, "[t]his court may not reweigh the evidence or try the issues de novo, and any [c]onflicts in the evidence are for the [agency] and not the courts to resolve." *Foster v. Dudek*, No. 22-20418, 2025 WL 799353, at *3 (5th Cir. Mar. 13, 2025) (alterations in original and quotations omitted). Because the parties dispute whether the record contains sufficient evidence to conclude that Plaintiff has a disability, the Report and Recommendation [14] does not attempt to weigh the evidence as Plaintiff asks, and instead recommends this case be remanded, and that a new ALJ resolve Plaintiff's claim consistent "with the remand orders issued by Judge Myers on September 6, 2023, and the Appeals Council on October 24, 2023," and "with additional instructions to further evaluate Plaintiff's [RFC]; further evaluate the opinions and prior administrative medical findings; further evaluate Plaintiff's subjective complaints; evaluate chronic pain syndrome at step two; and as appropriate, evaluate third-party statements." R. & R. [14] at 7.

Simply put, in response to the Magistrate Judge's finding that it is not clear from the record that the ALJ will be required to award benefits, Plaintiff only points to the law of the case. But the law of the case is inapplicable because the Magistrate Judge "simply instructed the ALJ to create a full and proper record." *Brachtel*, 132 F.3d at 420 (holding the law of the case doctrine inapplicable because "the District Court did not specifically instruct the ALJ to proceed on remand based upon a finding of fact . . . [t]he court simply instructed the ALJ to create a full and

proper record"); *see Williams*, 2023 WL 5758876, at *3-5.  And the effect of any ruling on whether Plaintiff is disabled would be the Court substituting its own judgment of the evidence in place of the ALJ's, which it cannot do.  *See Foster*, 2025 WL 799353, at *3; *see also Stephens v. Barnhart*, 174 F. App'x 232, 233 (5th Cir. 2006) (per curiam) ("Conflicts in the evidence, including the medical evidence, are to be resolved, not by a reviewing court, but by the ALJ.") (cleaned up; citation and internal quotation marks omitted).[2]

Turning to Plaintiff's second objection, that remand for further administrative proceedings is inappropriate where it would merely delay the receipt of benefits, such that the Court should remand "with an order that the SSA immediately beg[in] calculating Plaintiff's benefits," Obj. [15] at 8, no court has found that Plaintiff has established "disability without a doubt," entitling her to benefits, *Koontz*, 2009 WL 2448167, at *8.  Thus, remand directs the ALJ to consider all the evidence and determine whether Plaintiff is disabled and entitled to benefits.[3]  For all these reasons, Plaintiff's Objection [15] should be overruled.

---

[2] Plaintiff submits that the Court should consider the length of time her claims have been pending in applying the law of the case doctrine.  While the Court "will consider the length of time a claim has been pending," *McCullough v. Comm'r of the SSA*, No 1:18-cv-71-DAS, U.S. Dist. 2019 WL 959596, at *9 (N.D. Miss. Feb. 27, 2019), the Court also considers "the strength of the evidence showing the applicant is disabled; and any failure to follow instructions or mandates of a court following appeal," *id.*  Here, Plaintiff's disability status is contested and as discussed more in n.3, no cited case holds that an unacceptable amount of time has elapsed.

[3] Plaintiff also asserts that Defendant is not entitled to "limitless opportunities to repair the record." Obj. [15] at 7 (quoting *Shelton v. Astrue*, 2011 No. 1:08-cv-403, U.S. Dist. 2011 LEXIS 34108, at *3 (E.D. Tex. Jan. 31, 2011)).  But the cases cited by Plaintiff are distinguishable. At least one of the cases supports remand for "reconsideration" and not award of benefits, *Waites v. Saul*, No. 3:19-cv-0910-BH, U.S. Dist. 2020 LEXIS 49340, at *11-12 (N.D. Tex. Mar. 23, 2020) (holding that because new evidence existed that was not evaluated by the Appeals Council, the proper remedy was to "remand to the Commissioner for reconsideration"); another does not discuss the principle Plaintiff cites it for, *Murkeldove v. Astrue*, 635 F.3d 784, 792 (5th Cir. 2011) (discussing when attorney's fees are appropriate under the EAJA and the Court's power under 42 U.S.C. § 405(g)); and the cases that

III.  CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Tammy Joyce Williams's Objection [15] to the Magistrate Judge's Report and Recommendation [14], is **OVERRULED**, and the Magistrate Judge's Report and Recommendation [14] entered in this case on July 14, 2025, is **ADOPTED** as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Commissioner of Social Security's Motion [12] to Remand is **GRANTED**, and the Commissioner's decision is **REVERSED** and **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**SO ORDERED AND ADJUDGED**, this the 17th day of September, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

---

support immediate payment did so because the evidence clearly established the disability, *see, e.g., Reed v. Comm'r, SSA*, No. 3:08-cv-0822-G (BF), 2009 U.S. Dist. LEXIS 81575, at *16 (N.D. Tex. May 13, 2009) (remanding for award of benefits only after making a final determination of disability status, two prior remand orders, and evidence that the ALJ did not intend to follow the Court's instructions); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (noting that the record "clearly establishes that [Plaintiff] cannot perform a sedentary job").